IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of: | ) | No. 40104-9-III |
| | ) | |
| BRYAN HERNANDEZ. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

MURPHY, J. — Paul Hernandez petitioned to be removed as guardian of his adult child, Selene Violet Henderson.[1] Henderson did not oppose Hernandez's removal as guardian but requested emancipation and termination of the guardianship. Upon verifying the availability of a successor guardian, the superior court discharged Paul Hernandez and appointed a successor guardian/conservator. Henderson appeals, arguing (1) the superior court erred when it denied her request to modify or terminate the guardianship, and (2) she was deprived of effective assistance of counsel. Finding no error, we affirm.

FACTS

In 2016, the superior court appointed Paul Hernandez as the full guardian of the person and estate of his adult child, Selene Violet Henderson. On December 7, 2022,

---

[1] Henderson's legal name is Bryan Paul Hernandez. We refer to Selene Violet Henderson by her chosen name and chosen pronouns of "'she/her.'" *See* Amended Br. of Appellant at 1 n.1.

Paul Hernandez filed a notice of intent to resign.[2]

During March 2023, Paul Hernandez filed a final report on the guardianship and a motion requesting that the court consider appointing (1) a conservator from the office of public guardianship (OPG), and (2) an attorney to represent Selene Henderson as she no longer wanted to be subject to a guardianship or conservatorship. At a hearing on April 5, the attorney for Paul Hernandez provided information to the court on the status of locating a successor guardian.[3] It was reported that since Paul Hernandez was appointed as guardian, Henderson had been involuntarily hospitalized a minimum of six times and that Henderson was currently an inpatient at Eastern State Hospital, through a transfer from the Benton County jail, where Henderson had been held on criminal charges involving an alleged assault of a family member. The court was told that Paul Hernandez

---

[2] The notice of intent to resign as guardian is not part of the record on review. The notice is listed in the order appointing successor guardian as one of the documents from the court file that the superior court specifically considered prior to arriving at its decision. Other documents listed in the order that are not part of our record include: (1) a motion filed by Hernandez in March 2023 requesting the court consider appointment of a conservator from the office of public guardianship as well as appointment of an attorney to represent Henderson, (2) Hernandez's March 2023 final reporting as guardian, (3) Hernandez's petition for discharge as guardian filed June 7, 2023, and (4) a June 10, 2023, order appointing a court visitor. Two documents listed in the order are part of the appellate record: (1) the court visitor's report dated August 1, 2023, and (2) a position statement filed by Henderson on November 9, 2023.

[3] Suzanne Tosten, also known as Suzanne Hernandez, stepmother to Henderson, had been the designated standby guardian. As a result of an alleged assault by Henderson, Tosten was unwilling to serve as a successor guardian.

was unwilling to continue in the role of guardian, reporting requirements for the guardianship monitoring program had been satisfied, but there was an issue with who could step in to be successor guardian. Informal steps had been taken to locate a certified professional guardian in eastern Washington through a March 30 LISTSERV query by the OPG, but up to that point, finding a willing guardian had been unsuccessful. It was also brought to the court's attention that Henderson no longer wanted to be subject to any guardianship and there was a discussion on whether a court visitor should be appointed. The court was further advised that with Henderson currently in a most restrictive setting at Eastern State Hospital, there would not be anything for a successor guardian to immediately do or action to be taken. Based on the circumstances, the hearing was continued to allow more time to locate a certified professional guardian, including pursuing a formal application process with OPG should the preliminary LISTSERV query ultimately prove unsuccessful.

A status report was offered at a hearing on May 3, 2023, that included the representation that the initial OPG LISTSERV query did not result in any potential successor guardian candidates. Counsel indicated that they had now taken steps to submit a formal OPG application. Counsel indicated there were two continuing barriers to finding a successor guardian: (1) there was no way to predict where Henderson would be living after a discharge from Eastern State Hospital, and (2) the pending criminal charges

against Henderson. Counsel had spoken to the prosecutor in Henderson's criminal case and a hearing scheduled for May 4 was just continued four weeks because Eastern State Hospital had yet to complete their competency evaluation of Henderson. The hearing in the guardianship case was then also continued another four weeks.

At a May 31 hearing, after reminding the court that Paul Hernandez's notice of intent to resign as guardian had been filed nearly six months ago, counsel provided an update on the efforts to locate a successor guardian. The court was informed that the OPG had arranged for a certified professional guardian to conduct an initial assessment, that the individual met with Henderson on May 17, and Henderson had expressed a willingness for the professional guardian to succeed Hernandez. The professional guardian did, however, want to first review Henderson's competency evaluation report before making a firm commitment to serve. Counsel also reported to the court that Eastern State Hospital recently found Henderson not competent to stand trial and unlikely to regain competency in the foreseeable future. The pending felony criminal charges against Henderson were dismissed without prejudice and Henderson was referred by the court to Eastern State Hospital for a civil commitment evaluation. Until that evaluation was complete, it was not known whether Henderson would remain at Eastern or if a support plan would be developed for Henderson to be in a community-based living situation. After reporting on efforts to obtain prior evaluation reports for Henderson,

counsel for Paul Hernandez proposed a three-week continuance in the hopes that the current civil commitment evaluation report would be made available during that timeframe. Counsel believed that at that time it would be appropriate for the court to appoint a court visitor to take over the investigation of what Henderson needed in order to relieve Paul Hernandez of his responsibilities as guardian. The court granted a two-week continuance to allow for more information to develop.

Both Paul Hernandez and Serene Henderson appeared remotely at a status hearing held on June 14, 2023. Before addressing any issue, the court stated that it determined it was now appropriate for an attorney to be appointed for Henderson, with the mechanism for that appointment to be accomplished through the appointment of a court visitor, who could then assist the court in identifying an appropriate attorney for Henderson. The court then set the matter over for an additional two weeks.

On June 28, 2023, the appointed court visitor informed the court of the identification of appropriate counsel for Henderson. The court clarified the basis for the appointment of the court visitor and what the court requested of the court visitor in an anticipated report. The court acknowledged Paul Hernandez's wish to have his intent to resign addressed, but set the matter over in light of the appointment of counsel and an August 2 deadline for a report from the court visitor. The court issued an order appointing an attorney for Henderson, noting that one of the reasons for the appointment was that

Henderson's "rights cannot otherwise be adequately protected and represented." Clerk's Papers (CP) at 20.

The court visitor filed their report on August 1, 2023. Henderson's counsel filed a position statement on August 15, stating that Henderson had been advised of the contents of the court visitor report and disagreed with the determination that continuation of the guardianship was necessary. Henderson asked the court not to appoint a guardian to oversee her estate or person, and further stated that her father, mother, or stepmother were not desired appointees. It was stated that "[i]f the Court deems it necessary to appoint a Guardian for [Henderson's] estate and person, it appears to be in the best interest of all parties involved to have this person be a third party, not related to [Henderson]." CP at 28.

The next scheduled hearing on August 16, 2023, began with the court visitor addressing the report he was directed to prepare on three issues: (1) should the guardianship should be modified, (2) did Paul Hernandez act appropriately as guardian, and (3) should a successor guardian be appointed. The court visitor found that the guardianship should continue and that Paul Hernandez had acted appropriately as the guardian. As to the issue of a successor guardian, the court visitor agreed a successor guardian should be appointed, but a willing person to serve had not yet been found. In response to inquiries from the court, Henderson's appointed counsel made the court

aware of upcoming deadlines in the guardianship, as well as deadlines related to Henderson's civil commitment at Eastern State Hospital. Further, Henderson's attorney reiterated his client's position that a guardian was not wanted, but if there was one certainly no family member should serve as guardian. Henderson's attorney further noted that a better time to determine the appointment of a successor guardian was when Henderson's 180-day hold concluded in January 2024. After a discussion as to whether a status hearing in January would be too far out, the court scheduled the next status hearing for November 15.

Henderson, personally and not through counsel, filed a motion on September 19, 2023, seeking to close the guardianship/conservatorship. The motion was not noted for a hearing.

Counsel for Henderson filed a second position statement of Henderson on November 9, 2023. Henderson maintained her objection to the appointment of any guardian and asked the court to terminate the guardianship. If, however, the court determined it was necessary to appoint a guardian, it was Henderson's position that a successor guardian should not be any family member.

The November 15, 2023, hearing began with the court visitor reporting that a certified professional guardian had been located, and they had met with Henderson and were willing to serve as successor guardian. The proposed successor guardian was

present in court and confirmed on the record that they were a certified professional guardian and their agreement to serve. The court visitor presented to the court what was represented to be "essentially an agreed order" with it noted that Henderson's counsel "signed but only as approved to form" because of Henderson's ongoing objection to the appointment of any guardian. Rep. of Proc. (Nov. 15, 2023) at 39. With the appointment of a successor, Paul Hernandez was discharged and released from any further responsibility as guardian.

Henderson timely appeared from the order appointing the successor guardian.

## ANALYSIS

Henderson makes two assignments of error: (1) the superior court erred in denying her request to terminate or modify the guardianship, including appointment of a successor guardian and conservator, and (2) Henderson's counsel was ineffective in failing to argue for application of Washington's uniform guardianship, conservatorship, and other protective arrangements act (WGCPAA), chapter 11.130 RCW. The issues Henderson claim as error were not before the superior court on November 15, 2023, the date that it entered the order appointing a successor guardian/conservator.

*Request to terminate or modify guardianship*

On September 19, 2023, Henderson filed a pro se motion for order closing the guardianship/conservatorship and discharging the guardian. At the November 15 hearing,

the superior court did not address Henderson's pro se motion, as it had never been noted for hearing. Likewise, the motion was not listed as a document specifically reviewed by the court prior to entering its order appointing the successor guardian. *See* CP at 33-34. As no ruling has ever been made on the motion to close the guardianship, Henderson's recourse is to note the motion for hearing with the superior court or to file a formal petition to end the guardianship.

*WGCPAA*

Henderson also asserts her trial court counsel was ineffective in failing to argue for application of the WGCPAA and, because the guardianship and conservatorship implicates her fundamental rights and due process, that we should apply the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d (1984). Even if we were to assume that these standards should apply to the circumstances of this case, Henderson fails to establish either deficient performance or prejudice as required by *Strickland*.

Henderson argues that at the November 15 hearing the trial court "failed to apply the WGCPAA" and "simply ordered a full guardianship and conservatorship [of Henderson] with no inquiry." Br. of Appellant at 12-13. Henderson is correct that our legislature repealed the statute under which the guardianship over the person and estate of Serene Henderson had been established in 2016. *See* LAWS OF 2020, ch. 312, § 904.

Henderson's guardianship was established under the former guardianship statute, chapter 11.88 RCW. While the former guardianship statute was repealed, guardianships established under the former statute were not invalidated by enactment of the WGCPAA. See RCW 11.130.040 ("This chapter does not affect the validity of letters of office issued under *chapter 11.88 RCW prior to January 1, 2022."). But the proceedings held on November 15 were not to evaluate the need for and order a guardianship, they were simply to appoint a successor guardian in an existing guardianship. No guardianship was commenced at the November 15 hearing. *See* RCW 11.130.910 ("This chapter applies to: (1) A proceeding for appointment of a guardian or conservator or for a protective arrangement instead of a guardianship or conservatorship *commenced* after January 1, 2022.") (emphasis added).

Under RCW 11.130.055, the judicial appointment of a successor guardian or successor conservator in an existing action is to occur as follows:

(1) The court at any time may appoint a successor guardian or successor conservator to serve immediately or when a designated event occurs.

On December 7, 2022, Paul Hernandez filed a notice of intent to resign as guardian of the person and estate of Serene Henderson. On March 20, 2023, Henderson filed a motion requesting that the court consider appointing (1) a successor from the OPG, and (2) counsel for Henderson. On June 7, 2023, Hernandez filed a formal petition to

be discharged as guardian. A court visitor was appointed on June 10, with the visitor's report filed on August 1. Six hearings were held between April 5 and the November 15 hearing, all of which were related to Hernandez's request to be discharged as guardian and the efforts to locate a successor guardian. The court visitor represented to the court at the November 15 hearing that a certified professional guardian had been located, they had met with Henderson, and the proposed successor guardian was willing to serve. At this hearing, counsel for Paul Hernandez presented to the court an uncontested order appointing the certified professional guardian as the successor guardian/conservator. Henderson's counsel approved of the form of the order but not its content. As no motion to close the guardianship was before the court on November 15, Henderson's counsel reiterated for the record Henderson's objection to continuation of the guardianship and, if the guardianship were to continue, an objection to any family member being appointed as successor guardian. This was a reasonable strategy for Henderson's counsel to pursue given the context of the November 15 hearing.

There was no error in the court appointing a successor guardian/conservator, and this decision did occur in the context of the WGCPAA. *See* RCW 11.130.055(1) ("The court at any time may appoint a successor guardian or successor conservator to serve immediately or when a designated event occurs."). As with Henderson's first

No. 40104-9-III
*In re Guardianship of Hernandez*

assignment of error, her recourse is to note for hearing the September 19, 2023, pro se

motion to close the guardianship or to file a formal petition to terminate the guardianship.

CONCLUSION

The superior court's order appointing successor guardian/conservator in an

existing guardianship/conservatorship is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____          _____
Staab, A.C.J.                            Cooney, J.

12